sufficient to constitute a cause of action. Respondent, who is in the bail bond business, alleges that appellant was employed as a branch office manager or "Bail Bond Executing Agent" and that he agreed in writing that he would not enter the bail bond business for five years subsequent to the termination of employment with respondent and that within said five-year period he has threatened to conduct a bail bond business in the same building where respondent maintains his place of business. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur.

■ ABRAHAM RUDMAN, Appellant, v. LONG ISLAND LIGHTING COMPANY, Respondent, et al., Defendants.— On the stipulation of the parties, appeal from judgment, insofar as it is in favor of respondent against appellant, discontinued, without costs. Present — Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ ABRAHAM RUDMAN, Appellant, v. LONG ISLAND LIGHTING COMPANY, Defendant, and WILLIAM GREFE et al., Individually and as Copartners Doing Business under the Name of GREFE & BRENNAN, et al., Respondents.— Action to recover damages for personal injuries. A lighting pole owned by defendant Long Island Lighting Company was placed horizontally on the ground adjacent to property owned by plaintiff's employer. Defendants Grefe & Brennan, who had contracted with plaintiff's employer to furnish and deliver dirt and fill to its premises, hired defendant Ace Hoeffner Contracting Co. to deliver the dirt and fill. A truck owned by that company and driven by its employee, defendant Sieloff, while delivering a load of dirt and fill struck the pole causing it to rise from the ground, to swing, and to strike plaintiff, who was on his employer's property, causing the injuries complained of. At the close of the plaintiff's case the court dismissed the complaint as to defendants Grefe & Brennan, and the jury rendered a verdict for $2,500 in favor of the plaintiff against the owner and operator of the truck. Plaintiff appeals from so much of the judgment entered thereon as dismissed the complaint against defendants Grefe & Brennan and as awarded him only $2,500. Judgment insofar as it is in favor of appellant and against respondents Ace Hoeffner Contracting Co. and John Sieloff reversed, action severed, and a new trial granted, with costs to appellant to abide the event, unless within 10 days from the entry of the order hereon said respondents stipulate to increase from $2,500 to $10,000 the award to appellant, in which event the judgment as so modified is affirmed, without costs. Judgment insofar as it is in favor of respondents Grefe & Brennan against appellant affirmed, without costs. There is no proof in this record that respondents Grefe & Brennan had control over respondent Sieloff. According to the uncontroverted medical testimony, appellant suffered as a proximate result of the accident torn ligaments in and about the right knee joint, which made it impossible for him to completely straighten his leg and eventually resulted in the removal of the meniscus. The operation did not correct the limitation of motion of the knee. The prognosis was to the effect that the condition could not be cured and would become progressively worse. Medical expenses were $1,305. It is our opinion that under the circumstances disclosed by this record the award of $2,500 was grossly inadequate and that an award of $10,000 should adequately compensate the appellant. Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ BEATRICE SONBERT et al., Respondents, v. FLAGLER HOTEL OPERATING Co., INC., Appellant.— In an action to recover damages for personal injuries, and for medical expenses and loss of services, the appeal is from an order